J. Scott Miller, WSBA #14620
Law Offices of J. Scott Miller, P.S.
115 N. Washington
Jockey Club Suite 201
Spokane, WA 99201
509.327.5591
jscottmiller@jscottmiller.com

## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF EASTERN WASHINGTON
### AT SPOKANE

KELLY A. MOAT and KAROLYN K. MOAT, husband and wife,

           Plaintiffs,

   vs.

LINCOLN LIFE ASSURANCE OF BOSTON (formerly Liberty Life Assurance Company of Boston), a foreign corporation, a wholly owned subsidiary of LIBERTY INSURANCE GROUP, and/or LINCOLN NATIONAL GROUP,

           Defendants.

Case No.

**COMPLAINT**

## 1. PARTIES

1.1. Plaintiffs Kelly A. Moat and Karolyn K. Moat are husband and wife, and residents of Spokane, WA. Plaintiff Kelly A. Moat is an ERISA participant/beneficiary as described in 29 U.S.C.A. §1132(a)(1).

COMPLAINT - 1

*Law Offices of J. Scott Miller, P.S.*
*115 N. Washington Street*
*Suite 201*
*Spokane, WA  99201*
*(509) 327-5591*

1.2. Defendant Lincoln Life Assurance of Boston is a foreign corporation, apparently located at 150 North Radnor Chester Rd., Suite A-300, Radnor, PA 19087.

1.2.1. Lincoln Life Assurance of Boston ("*Lincoln Life*") and is authorized to conduct the business of insurance by the Office of the Washington State Insurance Commissioner ("*OIC*") under WAOIC #730.

1.2.2. Plaintiffs are informed and therefore believe that for all matters at issue in this litigation Lincoln Life Assurance of Boston is the successor in interest to Liberty Life Assurance Company of Boston ("*Liberty Life*") after a name change that disclosed to the OIC on or after September 4, 2019.

1.2.3. Plaintiffs are also informed and therefore believe that Liberty Life Assurance of Boston is a member of the Lincoln National Group.

1.2.4. The acts and omissions described herein were by Liberty Life Assurance of Boston but are now properly ascribed to and/or assumed by Lincoln Life Assurance of Boston pursuant to the name change described herein.

## 2. **JURISDICTION and VENUE**

3. This court has jurisdiction over the issues and parties in this case, and venue is proper, pursuant to 29 U.S.C.A. §1132(e).

//

//

//

COMPLAINT - 2

## 4. FACTS

4.1. The Group Disability Income insurance policy at issue in this case was issued on January 1, 2013 to Crawford & Company by Liberty Life Assurance of Boston as Policy No. GD/DG3-850-290932-01.

    4.1.1. A Notice of Change was issued on January 31, 2018 which revised the address of the Plan Sponsor.

    4.1.2. Crawford & Company is identified as the **Plan Sponsor**.

    4.1.3. Liberty Life Assurance of Boston is the **Plan Administrator**.

    4.1.4. The Group Disability Income insurance policy is a fully insured plan, an is not self-funded by Crawford & Company. Therefore, benefits are paid from the assets of Liberty Life Assurance of Boston and not from the benefits of Crawford & Company.

4.2. The Group Disability Income Policy provided both Short Term Disability ("*STD*") and Long Term Disability ("*LTD*") insurance coverages.

4.3. The Group Income Policy expressly provides that Liberty Life Assurance Company[1] agreed to pay benefits provided by the policy. The Group Income Policy also expressly provides that it is governed by The Employee Retirement Income Security Act of 1974 (ERISA).

4.4. In or about 2009 Kelly Moat was diagnosed with diabetes, but initial symptoms did not interfere with his ability to perform his profession as an insurance claims adjuster.

4.5. Kelly Moat was employed by Crawford and Company as a "Senior Property Adjuster" beginning in November 2014.

---

[1] Now known as Lincoln Life Assurance Company, as described at ¶1.2 herein.

COMPLAINT - 3

*Law Offices of J. Scott Miller, P.S.*
*115 N. Washington Street*
*Suite 201*
*Spokane, WA 99201*
*(509) 327-5591*

4.6. As part of his compensation package Mr. Moat received Group Disability Income insurance coverage through the Plan at issue.

4.7. Beginning in approximately early 2017 Mr. Moat began experiencing significant burning and sharp pains in both feet. After a few months the pain began to creep up his legs, and he began to experience pain in both hands, including significant numbness in his fingertips. He described the pain as similar to having his fingernails smashed whenever the end of his fingers were touched.

4.8. It became increasingly difficult to type on his computer keyboard, which was a requirement of his job including using The Claims Management System, Xactimate Estimating System, Scene 5 and similar computer programs.

4.9. The job duties of a Senior Property Adjuster are described in *EXHIBIT 1* attached hereto, and include climbing ladders, walking on roofs, and using a computer keyboard to write reports.

4.10.    In or about December 2017 he notified his supervisor that he was unable to safely and properly perform many of the job requirements and beginning February 9, 2018 he was instructed to stop working as a Senior Property Adjuster.

4.11.    Kelly Moat became totally and permanently disabled in February 2018 and was approved for Short Term Disability (STD) insurance coverage effective February 10, 2018[2]. *EXHIBIT 2.*

//

_____

[2] Because of a required "Elimination Period" the benefit payments did not begin until February 24, 2018.

COMPLAINT - 4

*Law Offices of J. Scott Miller, P.S.*
*115 N. Washington Street*
*Suite 201*
*Spokane, WA  99201*
*(509) 327-5591*

4.12.    On May 4, 2018, an employee of Liberty/Lincoln Life, Debra Kaitschuck, issued a report titled "Occupational Analysis/Vocational Review". *EXHIBIT 3.*

4.12.1.    Ms. Kaitschuck never met with or spoke with Mr. Moat or any of his physicians, but, nevertheless, concluded he was capable of performing the duties of a Senior Property Adjuster.

4.12.2.    The report entirely disregards Mr. Moat's inability to keyboard for the job requirements of entering data into computer programs.

4.13.    Dr. K. Sivakumar was retained by Liberty/Lincoln Life and on June 13, 2018 issued a report that Mr. Moat was unable to do keyboarding but could do some other sedentary occupation. *EXHIBIT 4.* He did not talk with any of Mr. Moat's treating physicians before issuing this report, and his opinion relies solely on a review of records. He notes that Mr. Moat's limitations include restrictions on keyboarding as well as other activities described in the Crawford & Company job description. He also did not examine, meet with, or even talk with Mr. Moat.

4.14.    On June 14, 2018 Dr. Sivakumar issued a second report. *EXHIBIT 5.* He apparently spoke with Dr. Pugh, but opinions expressed in this second report are significantly different than what is described by Dr. Pugh in his letters. Dr. Sivakumar has never examined, met or even spoken to Mr. Moat.

4.15.    STD coverage was provided to Mr. Moat for 24 weeks and ended on August 11, 2018. *EXHIBIT 6.*

//

COMPLAINT - 5

*Law Offices of J. Scott Miller, P.S.*
*115 N. Washington Street*
*Suite 201*
*Spokane, WA 99201*
*(509) 327-5591*

4.16.    On June 5, 2018 Mr. Moat timely submitted the documents required to apply for Long Term Disability (LTD) insurance benefits

4.17.    On June 13, 2018 Liberty Life notified Mr. Moat that LTD coverage was denied. The denial letter was signed by "Kyha McCrorey, LTD Specialist." *EXHIBIT 7.*

4.18.    On August 10, 2018 Mr. Moat was terminated because his permanent disabilities prevent him from being able to work as a Senior Property Adjuster. *EXHIBIT 8.*

4.19.    On December 7, 2018 Mr. Moat timely filed a notice of appeal from the LTD coverage denial, which included Exhibits 1 – 13 as listed on page two of the December 7, 2018 written appeal review. *EXHIBIT 9.*

4.20.    On January 8, 2019 Mr. Moat provided Liberty/Lincoln Life with documentary proof that his request for reasonable accommodation was declined by Crawford & Company because his permanent disabilities prevent him from performing the duties of a Senior Property Adjuster. *EXHIBIT 10.*

4.21.    On February 12, 2019 Liberty/Lincoln Life issued notice denying Mr. Moat's appeal from denial of his LTD coverage, stating "he was not disabled". The appeal denial was signed by "Jane Danielle, Appeals Consultant." *EXHIBIT 11.*

4.22.    On March 4, 2019 Mr. Moat again sent Liberty/Lincoln Life the letter from Kelly Parham at Crawford & Company confirming that there was no way to provide reasonable accommodation for his permanent disabilities. *EXHIBIT 12.*

//

COMPLAINT - 6

*Law Offices of J. Scott Miller, P.S.*
*115 N. Washington Street*
*Suite 201*
*Spokane, WA  99201*
*(509) 327-5591*

4.22.1.    On March 14, 2019 Jane Daniell confirmed that Liberty/Lincoln Life considered the letter from Ms. Parham but continued to deny the LTD claim. *EXHIBIT 13*.

4.23.    On September 21, 2019 Mr. Moat's treating physician, Dr. Steven Pugh, issued a comprehensive letter explaining to Liberty/Lincoln Life that Mr. Moat's medical condition was substantially worse, and that he was unable to perform his required job duties. *EXHIBIT 14*.

4.24.    On October 1, 2019 Mr. Moat sent Liberty/Lincoln Life the September 21, 2019 supplemental letter from his primary treating physician, Dr. Steven Pugh, providing additional medical information to support the application for LTD benefits. *EXHIBIT 15*.

4.24.1.    On October 4, 2019 Jane Danielle responded with a letter indicating Liberty/Lincoln Life would not consider Dr. Pugh's letter and refused to reconsider denial of LTD benefits *EXHIBIT 16*.

## 5. <u>CAUSE OF ACTION – ERISA 29 U.S.C.A. §1132</u>

5.1. Plaintiffs reallege and reassert paragraphs 1 through 4.24.1 as though fully set forth.

5.2. Plaintiffs Kelly A. Moat and Karolyn K. Moat are intended beneficiaries of the Group Disability Policy at issue in this case.

5.3. Defendant Liberty/Lincoln Life incorrectly, improperly, and illegally determined that Plaintiff Kelly Moat was ineligible for LTD benefits he was lawfully owed under the Group Disability Policy at issue, as a result of his permanent disabilities.

COMPLAINT - 7

*Law Offices of J. Scott Miller, P.S.*
*115 N. Washington Street*
*Suite 201*
*Spokane, WA  99201*
*(509) 327-5591*

5.3.1. Kelly Moat is unable to perform the duties of his own job, as that term is defined in the Group Disability Income Policy at issue.

5.3.2. Kelly Moat is unable to perform the duties of his own occupation as that term is defined in the Group Disability Income Policy at issue as a result of his permanent disabilities.

5.3.3. Kelly Moat is unable to perform the duties of any job or profession as a result of his permanent disabilities.

5.4. Defendant Liberty/Lincoln Life has a conflict of interest in denying Plaintiff Kelly Moat's LTD coverage application.

5.4.1. STD and LTD benefits under the Group Disability Income Policy at issue are paid from the assets of Liberty Life Assurance of Boston.

5.4.2. Dr. K. Sivakumar is an employee or consultant employed by Liberty/Lincoln Life.

5.4.3. Debra Kaitschuck is an employee of Liberty/Lincoln Life.

5.5. The wrongful acts and omissions of Defendant Liberty/Lincoln Life violate the fiduciary duties set forth in the ERISA statutes including 29 U.S.C.A. §1104.

5.6. The wrongful acts and omissions of Defendant Liberty/Lincoln Life are fraudulent and intentionally caused harm and damage to Plaintiffs Kelly A. Moat and his wife Karolyn K. Moat.

5.7. The wrongful acts and omissions by Defendant Liberty/Lincoln Life are as the result of deliberately misinterpreting the terms and conditions of the Plan, and which Crawford & Company notified Defendant were wrongful.

COMPLAINT - 8

5.8. The wrongful acts and omissions by Defendant Liberty/Lincoln Life resulted in whole or in part from disregarding, ignoring, and/or overlooking factual and medical information provided by Kelly Moat, his treating physicians and Crawford & Company.

5.9. The wrongful acts and omissions by Defendant Liberty/Lincoln Life are likely and foreseeably predictable to be repeated in the future and constitute a systematic breach of fiduciary obligations.

5.10.    The Defendant's wrongful denial of LTD benefits is subject to *de novo* review by this court as previously determined in *Dahmen v. Liberty Mutual Grp.*, 2016 WL 3072256 (EDWA 05/31/2016).

## 6. **PRAYER**

Plaintiffs having stated causes of action against Defendant hereby pray for relief as follows:

6.1. For appropriate orders pursuant to law including 29 U.S.C. § 1132 requiring Defendant to provide Plaintiffs with full and complete LTD insurance as set forth in the Group Disability Income Policy at issue, dating from August 10, 2018; and

6.2. For injunctive and other appropriate equitable relief pursuant to law including 29 U.S.C. § 1132, preventing Defendant from misinterpreting, misapplying, and disregarding instructions and information Crawford & Company regarding correct application of the LTD coverage; and

6.3. For a finding by the court that Defendant has responsibility to pay claims, including Plaintiffs' claims, under the Group Disability Income Policy at issue; and

COMPLAINT - 9

6.4. For attorney fees and costs to the full extent allowed by law; and

6.5. For general damages to the full extent allowed by law; and

6.6. For such other relief as the court determines is appropriate and necessary.

DATED: November 8th, 2019.

LAW OFFICES OF J. SCOTT MILLER, P.S.

By: s/ J. SCOTT MILLER
J. SCOTT MILLER, WSBA #14620
Attorneys for Plaintiffs

COMPLAINT - 10

Law Offices of J. Scott Miller, P.S.
115 N. Washington Street
Suite 201
Spokane, WA 99201
(509) 327-5591