# EXHIBIT 10

COMPLAINT - 51

*Law Offices*
*of*
*J. Scott Miller,* P.S.

J. Scott Miller, Attorney†
Lisa S. Mittleider, Paralegal
†Admitted Washington & Idaho

Tel. 509/327.5591 ext. 121
Email jscottmiller@jscottmiller.com

201 W. North River Drive
Suite 305
Spokane, WA 99201-2266

Fax. 509/328-6436
website: www.jscottmiller.com

## SUPPLEMENTAL SUBMISSION

**FAX:  603-334-5121**
**& USPS**

January 8, 2019

Liberty Life Assurance Co. of Boston
Attention: Appeal Review Unit
Group Benefits Disability Claims
PO Box 7213
London, KY 40742-7213

Re:    ***Kelly Moat LTD Benefits***
         ***Claim #8077199***

Dear Appeal Review Unit,

The Appeal/Review was submitted by Kelly A. Moat, an employee of Crawford and Company on December 5, 2018. As you know, the original submission included multiple exhibits and medical records.

In response to implications by Liberty Mutual, Mr. Moat reapplied to Crawford for reasonable accommodation. Enclosed is the official denial of his request.

This accommodation denial letter is submitted as a supplement to the appeal of the denial of Mr. Moat's disability benefits.

COMPLAINT - 52

Liberty Life Assurance Co. of Boston
Attn:  Appeal Review Unit
January 8, 2018
Page Two


If you have any questions, please contact the undersigned.

J. SCOTT MILLER
Attorney for Kelly Moat


Enclosure

cc: client


COMPLAINT - 53



January 3, 2018

Kelly Moat
7511 W Johannsen Ave
Nine Mile Falls, WA 99026

RE: ADA Accommodation

Dear Kelly:

This letter is in response to your request for an accommodation to perform the essential functions of your position as a Senior Property Adjuster (the "Position") at Crawford & Company (the "Company"). As explained later in the letter, the Company has determined it cannot offer you a reasonable accommodation for your medical condition.

As part of the required interactive process under the Americans with Disabilities Act ("ADA"), it is necessary those communications be memorialized. On November 15, 2018, you were emailed an ADA accommodation packet as a result of your concerns with returning to work due to neuropathy. On November 28, 2018, Crawford received your ADA application. Your doctor, Dr. Pugh, noted that the job functions you cannot perform are climbing on ladders and roofs as well as walking on uneven surfaces. Your doctor noted that no accommodations could be done to help with your restrictions.

I left you a voicemail on December 6, 2018 to get further clarification on the ADA paperwork and we spoke on December 7, 2018. I asked you what would constitute an uneven surface and you said that a lawn would be considered an uneven surface as well as anything with a mild slope. You said that you could not walk on stairs without handrails. I mentioned that Dr. Pugh made no mention of hand numbness in the paperwork and you were unsure why. I left Dr. Pugh a voicemail on December 7, 2018 and called again on December 11, 2018. I spoke with Dr. Pugh's medical assistant, Chelsea Foster, and sent her a new ADA packet explaining I would like clarification surrounding uneven surfaces as well as whether he needed to include information regarding your hand numbness.

On December 20, 2017, a phone conversation was held between you; Mark Knowles, Vice President of Pacific Northwest CCS; and me regarding the required ADA interactive discussion.

During this meeting, we discussed the limitations Dr. Pugh listed on your form that would prevent you from performing field inspections and other essential functions of your Position. You explained how the medication you are prescribed causes numbness in your hands that would prevent you from working a desk adjusting role. You said that dictation software would not be feasible because it is not compatible with claims software. You said that you could not think of any accommodation that would allow you to return to work at Crawford & Company and we agreed. I let you know that I would type up our discussion and send you a letter in the first week of the New Year. This concluded our interactive meeting.

I received an updated medical inquiry form from Dr. Pugh that elaborated on uneven surfaces on January 2, 2019. It explained that it includes stairs, ladders, slopes and any floor that isn't level.

COMPLAINT - 54



Given your limitations, as detailed by your doctor and explained in greater detail by you during the interactive process, there is not a reasonable accommodation the Company can provide that would allow you to perform the essential functions of your Position. Also, the Company does not have an alternative position to offer that would accommodate your medical condition. Based on our business needs and your inability to return to active employment, your employment will be terminated effective as of August 10, 2018.

This termination of employment will not affect any claim you may have or benefits to which you might be entitled under the terms, conditions and requirements of the short-term disability or long-term disability programs offered through the Crawford & Company Employee Benefit Plan, nor will it affect any vested benefits you may have accrued under the Company's defined benefit or 401(k) plans.   If you currently participate in the group health benefit programs sponsored by Crawford, you will receive notification of your rights to continue these benefits under COBRA.


Regards,


Kellie Parham
Human Resources Business Partner


COMPLAINT - 55