# EXHIBIT 12

COMPLAINT - 70

*Law Offices*
*of*
*J. Scott Miller,* P.S.

*J. Scott Miller, Attorney†*
*Lisa S. Mittleider, Paralegal*
*†Admitted Washington & Idaho*

*201 W. North River Drive*
*Suite 305*
*Spokane, WA 99201-2266*

*Tel. 509/327.5591 ext. 121*
*Email jscottmiller@jscottmiller.com*

*Fax. 509/328-6436*
*website: www.jscottmiller.com*

March 4, 2019

## RECONSIDERATION OF LTD DENIAL

Ms. Jane Daniell
Appeals Consultant
Liberty Life Assurance Co. of Boston
Group Benefits Disability Claims
P.O. Box 7213
London, KY 40742-7213

Re:     *Kelly A. Moat*
        *Crawford and Company LTD Benefits*
        *Claim #8077199*

Dear Ms. Daniell,

We have reviewed your letter dated February 12, 2019 denying Mr. Moat's LTD claim at this time. We note that your analysis fails to mention the letter from Crawford and Company dated January 3, 2019 (incorrectly dated 2018) denying ADA accommodation.

It is certainly clear that Mr. Moat is unable to perform his job duties, either with or without accommodation. Therefore, since Liberty apparently failed to consider the Crawford letter denying ADA accommodation we request reconsideration of the LTD denial. A copy of the Crawford letter from Kellie Parham dated January 3, 2018 [sic.] is enclosed.

The enclosed ADA accommodation denial should have been considered in the context of all of Mr. Moat's medical records showing he is unable to perform his duties as an outside insurance

1

COMPLAINT - 71

adjuster. Since this correspondence with either disregarded, or overlooked, we request that Liberty reconsider it's denial in light of this information.

On behalf of Mr. Moat, demand is hereby made for immediate reconsideration of the wrongful denial of his LTD benefits. We look forward to receiving an affirmative response no later than close of business on Friday, March 15, 2019.

Very Truly Yours,

J. SCOTT MILLER

Enclosure

cc: client

2

COMPLAINT - 72



January 3, 2018

Kelly Moat
7511 W Johannsen Ave
Nine Mile Falls, WA 99026

RE: ADA Accommodation

Dear Kelly:

This letter is in response to your request for an accommodation to perform the essential functions of your position as a Senior Property Adjuster (the "Position") at Crawford & Company (the "Company"). As explained later in the letter, the Company has determined it cannot offer you a reasonable accommodation for your medical condition.

As part of the required interactive process under the Americans with Disabilities Act ("ADA"), it is necessary those communications be memorialized. On November 15, 2018, you were emailed an ADA accommodation packet as a result of your concerns with returning to work due to neuropathy. On November 28, 2018, Crawford received your ADA application. Your doctor, Dr. Pugh, noted that the job functions you cannot perform are climbing on ladders and roofs as well as walking on uneven surfaces. Your doctor noted that no accommodations could be done to help with your restrictions.

I left you a voicemail on December 6, 2018 to get further clarification on the ADA paperwork and we spoke on December 7, 2018. I asked you what would constitute an uneven surface and you said that a lawn would be considered an uneven surface as well as anything with a mild slope. You said that you could not walk on stairs without handrails. I mentioned that Dr. Pugh made no mention of hand numbness in the paperwork and you were unsure why. I left Dr. Pugh a voicemail on December 7, 2018 and called again on December 11, 2018. I spoke with Dr. Pugh's medical assistant, Chelsea Foster, and sent her a new ADA packet explaining I would like clarification surrounding uneven surfaces as well as whether he needed to include information regarding your hand numbness.

On December 20, 2017, a phone conversation was held between you; Mark Knowles, Vice President of Pacific Northwest CCS; and me regarding the required ADA interactive discussion.

During this meeting, we discussed the limitations Dr. Pugh listed on your form that would prevent you from performing field inspections and other essential functions of your Position. You explained how the medication you are prescribed causes numbness in your hands that would prevent you from working a desk adjusting role. You said that dictation software would not be feasible because it is not compatible with claims software. You said that you could not think of any accommodation that would allow you to return to work at Crawford & Company and we agreed. I let you know that I would type up our discussion and send you a letter in the first week of the New Year. This concluded our interactive meeting.

I received an updated medical inquiry form from Dr. Pugh that elaborated on uneven surfaces on January 2, 2019. It explained that it includes stairs, ladders, slopes and any floor that isn't level.

COMPLAINT - 73



Given your limitations, as detailed by your doctor and explained in greater detail by you during the interactive process, there is not a reasonable accommodation the Company can provide that would allow you to perform the essential functions of your Position. Also, the Company does not have an alternative position to offer that would accommodate your medical condition. Based on our business needs and your inability to return to active employment, your employment will be terminated effective as of August 10, 2018.

This termination of employment will not affect any claim you may have or benefits to which you might be entitled under the terms, conditions and requirements of the short-term disability or long-term disability programs offered through the Crawford & Company Employee Benefit Plan, nor will it affect any vested benefits you may have accrued under the Company's defined benefit or 401(k) plans.    If you currently participate in the group health benefit programs sponsored by Crawford, you will receive notification of your rights to continue these benefits under COBRA.

Regards,

Kellie Parham
Human Resources Business Partner

COMPLAINT - 74