**Andrew M. Schpak. WSBA #39901**
Barran Liebman LLP
601 SW Second Avenue
Suite 2300
Portland. Oregon  97204-3159
Telephone: (503) 228-0500
Facsimile No.: (503) 274-1212

Attorney for Defendant

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

KELLY A. MOAT and KAROLYN K. MOAT, husband and wife,

               Plaintiffs,

    v.

LINCOLN LIFE ASSURANCE OF BOSTON (formerly Liberty Life Assurance Company of Boston), a foreign corporation, a wholly owned subsidiary of LIBERTY INSURANCE GROUP, and/or LINCOLN NATIONAL GROUP,

               Defendants.

No. 2:19-cv-00385-TOR

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Lincoln Life Assurance Company of Boston (formerly Liberty Life Assurance Company of Boston) ("Lincoln"), by and through its counsel of record, answers the Complaint filed by Plaintiffs Kelly A. Moat and Karolyn K. Moat, as follows.  Except as expressly admitted, Lincoln denies the allegations of Plaintiffs' Complaint.

/ / /

DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES - 1

00859942.1

## **PARTIES**

1.1    Lincoln admits Plaintiff Kelly A. Moat was, at certain times, an employee of Crawford & Company ("Crawford") and a participant in the Short Term Disability Plan (the "STD Plan") and the Long Term Disability Plan (the "LTD Plan") (collectively the "Plans") sponsored by Crawford and that the Plans are governed by Section 502(a)(1)(B) of 29 U.S.C. § 1132(a)(1)(B) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA").  Lincoln is without sufficient knowledge to either admit or deny the remaining allegations contained in paragraph 1.1 of the Complaint.

1.2    Lincoln admits that it is a New Hampshire Corporation with its principal place of business in Radnor, Pennsylvania.

1.2.1  Lincoln further admits that it is legally authorized to conduct its business in Washington.

1.2.2. Lincoln admits that Liberty Life Assurance Company of Boston ("Liberty Life") is now known as Lincoln Life Assurance Company of Boston, which is the correct name of the Defendant in this action.

1.2.3  Lincoln admits that Lincoln Life Assurance Company of Boston (f/k/a Liberty Life Assurance Company of Boston) is a wholly owned subsidiary of

DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES - 2

00859942.1

The Lincoln National Life Insurance Company, which is a wholly owned subsidiary of Lincoln National Corporation.

1.2.4 Lincoln admits that it is a proper party to this action and that Liberty Life Assurance Company of Boston is now known as Lincoln Life Assurance Company of Boston. Lincoln denies that it (or Liberty Life) violated any provision of ERISA with regard to Plaintiff Kelly A. Moat's claims for benefits.

Lincoln denies all remaining allegations contained in Paragraph 1.2 of the Complaint and the sub-paragraphs thereunder.

## JURISDICTION AND VENUE

2.    There is no paragraph numbered 2 contained in the Complaint.

3.    Lincoln admits Plaintiffs' claims are governed by ERISA, that this Court has jurisdiction over this action, and that venue is proper in this Court. Lincoln denies that Plaintiffs are entitled to any recovery under ERISA and denies all remaining allegations contained in Paragraph 3 of the Complaint.

## FACTS

4.1    Lincoln admits it issued Group Disability Income Policy No. GD/GF3-850-290932-01 (the "Policy") to Crawford on January 1, 2013, and that the Policy, at certain times, insured benefits from the Plans.

/ / /

DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES - 3

**BARRAN LIEBMAN** LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

00859942.1

4.1.1  Lincoln admits the allegations contained in paragraph 4.1.1 of the Complaint.

4.1.2  Lincoln admits that Crawford is the Plan Sponsor.

4.1.3  Lincoln denies it (or Liberty Life) was the Plan Administrator of the Plans.

4.1.4  Lincoln admits that it issued the Policy, which, at certain times, insured benefits from the Plans.

Lincoln denies all remaining allegations contained in Paragraph 4.1 of the Complaint and the sub-paragraphs thereunder.

4.2    Lincoln admits that the Policy, at certain times, insured benefits from the Plans.  Lincoln denies all remaining allegations contained in Paragraph 4.2 of the Complaint.

4.3    Lincoln admits that it is the Insurer of the Policy that was issued by it to Crawford, and that the Policy, at certain times, insured benefits from the Plans. Lincoln admits the Plans are governed by ERISA.  Lincoln denies all remaining allegations contained in paragraph 4.3 of the Complaint.

4.4    Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff Kelly A. Moat's claim for benefits from the Plans under the Policy, and Lincoln refers to the administrative

DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES - 4

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

00859942.1

record itself as the best evidence of its contents. Lincoln denies the remaining allegations contained in paragraph 4.4 of the Complaint.

4.5    Lincoln admits Plaintiff Kelly A. Moat was, at certain times, an employee of Crawford as a Senior Property Adjuster. Lincoln denies all remaining allegations contained in paragraph 4.5 of the Complaint.

4.6.    Lincoln admits that Crawford sponsored the Plans to provided disability benefits to certain of its employees and that Plaintiff Kelly A. Moat was, at certain times, an employee of Crawford and a participant in the Plans. Lincoln denies all remaining allegations contained in paragraph 4.6 of the Complaint.

4.7    Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff Kelly A. Moat's claim for benefits from the Plans under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies the remaining allegations contained in paragraph 4.7 of the Complaint.

4.8    Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff Kelly A. Moat's claim for benefits from the Plans under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that documents pertaining to Plaintiff Kelly A. Moat's job duties at Crawford are contained in the

DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES - 5

00859942.1

administrative record regarding Plaintiff Kelly A. Moat's claim for benefits from the Plans under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents.  Lincoln denies the remaining allegations contained in paragraph 4.8 of the Complaint.

4.9    Lincoln admits Plaintiff Kelly A. Moat was, at certain times, employed by Crawford as a Senior Property Adjuster and that documents pertaining to his job duties at Crawford are contained in the administrative record regarding his claim for benefits from the Plans, and Lincoln refers to the administrative record itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 4.9 of the Complaint.

4.10    Lincoln is without sufficient knowledge to either admit or deny the allegations regarding Plaintiff Kelly A. Moat's communications with his supervisor. Lincoln admits that Plaintiff's last day of work at Crawford was February 9, 2018. Lincoln denies all remaining allegations contained in Paragraph 4.10 of the Complaint.

4.11    Lincoln admits the relevant plan documents include language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the Plans under the Policy, and Lincoln refers to the Plan Documents themselves as the best evidence of the contents.  Lincoln admits Plaintiff submitted

DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES - 6

00859942.1

claims for, and at certain times received, benefits from the STD Plan. Lincoln denies the remaining allegations contained in paragraph 4.11 of the Complaint.

4.12 Lincoln admits that occupational analysis/vocational reviews are contained in the administrative record regarding Plaintiff Kelly A. Moat's claim for benefits from the Plans under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents.

4.12.1 Lincoln admits that occupational analysis/vocational reviews are contained in the administrative record regarding Plaintiff Kelly A. Moat's claim for benefits from the Plans under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents.

4.12.2 Lincoln admits that occupational analysis/vocational reviews are contained in the administrative record regarding Plaintiff Kelly A. Moat's claim for benefits from the Plans under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents.

Lincoln denies all remaining allegations contained in Paragraph 4.12 of the Complaint and the sub-paragraphs thereunder.

4.13 Lincoln admits that physician peer reports and reviews are contained in the administrative record regarding Plaintiff Kelly A. Moat's claim for benefits from the Plans under the Policy, and Lincoln refers to the administrative record itself as the

DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES - 7

**BARRAN LIEBMAN** LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

00859942.1

best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 4.13 of the Complaint.

4.14   Lincoln admits that physician peer reports and reviews are contained in the administrative record regarding Plaintiff Kelly A. Moat's claim for benefits from the Plans under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 4.14 of the Complaint.

4.15   Lincoln admits that, at certain times, Plaintiff Kelly A. Moat received benefits from the STD Plan under the Policy.   Lincoln denies the remaining allegations contained in paragraph 4.15 of the Complaint.

4.16   Lincoln admits Plaintiff Kelly A. Moat submitted a claim for benefits from the LTD Plan under the Policy.   Lincoln denies the remaining allegations contained in paragraph 4.16 of the Complaint.

4.17   Lincoln admits it sent a letter dated June 13, 2018, to Plaintiff Kelly A. Moat, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 4.17 of the Complaint.

4.18   Lincoln admits that Plaintiff's last day of work at Crawford was February 9, 2018.  Lincoln further admits only that Exhibit 8 of the Complaint appears

DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES - 8

to be a letter from Crawford to Kelly Moat dated January 3, 2018, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 4.18 of the Complaint.

4.19   Lincoln admits it received a letter from Plaintiffs' counsel dated December 7, 2018, along with additional documents, appealing the denial of benefits from the LTD Plan under the Policy, and Lincoln refers to the letter and documents themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 4.19 of the Complaint.

4.20   Lincoln admits it received a letter from Plaintiffs' counsel dated January 8, 2019, along with additional documents, and Lincoln refers to the letter and documents themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 4.20 of the Complaint.

4.21   Lincoln admits it sent a letter dated February 12, 2019, to Plaintiffs' counsel, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 4.21 of the Complaint.

4.22   Lincoln admits it received a letter from Plaintiffs' counsel dated March 4, 2019, along with additional documents, and Lincoln refers to the letter and documents themselves as the best evidence of their contents.

DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES - 9

00859942.1

4.22.1 Lincoln admits it sent a letter dated March 14, 2019, to Plaintiffs' counsel, and Lincoln refers to the letter itself as the best evidence of its contents.

Lincoln denies all remaining allegations contained in Paragraph 4.22 of the Complaint and the sub-paragraphs thereunder.

4.23   Lincoln admits it received a letter from Plaintiffs' counsel dated October 1, 2019, along with additional documents, and Lincoln refers to the letter and documents themselves as the best evidence of their contents.   Lincoln denies all remaining allegations contained in Paragraph 4.23 of the Complaint.

4.24   Lincoln admits it received a letter from Plaintiffs' counsel dated October 1, 2019, along with additional documents, and Lincoln refers to the letter and documents themselves as the best evidence of their contents.

4.24.1 Lincoln admits it sent a letter dated October 4, 2019, to Plaintiffs' counsel, and Lincoln refers to the letter itself as the best evidence of its contents.

Lincoln denies all remaining allegations contained in Paragraph 4.24 of the Complaint and the sub-paragraph thereunder.

## **CAUSE OF ACTION – ERISA 29 U.S.C.A. §1132**

5.1   Lincoln repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 4.24.1 of the Complaint as though fully set forth herein.

DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES - 10

**BARRAN LIEBMAN** LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

00859942.1

5.2    Lincoln admits that Crawford sponsored the Plans to provide disability benefits to certain of its employees and that Plaintiff Kelly A. Moat was, at certain times, an employee of Crawford and a participant in the Plans.  Lincoln denies all remaining allegations contained in paragraph 5.2 of the Complaint.

5.3    To the extent that the allegations contained in Paragraphs 5.3 and 5.3.1 through 5.3.3 of the Complaint seek to interpret the provisions of the plan documents, Lincoln refers to the documents governing the Plan themselves as the best evidence of their contents.  Lincoln denies all remaining allegations contained in paragraph 5.3 of the Complaint and the sub-paragraphs thereunder.

5.4    Lincoln admits it issued the Policy to Crawford, which Policy, at certain times, insured benefits from the Plans.

5.4.1  Lincoln admits it issued the Policy to Crawford, which Policy, at certain times, insured benefits from the Plans.

5.4.2  Lincoln admits that physician peer reports and reviews are contained in the administrative record regarding Plaintiff Kelly A. Moat's claim for benefits from the Plans under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents.

5.4.3  Lincoln admits the allegations contained in Paragraph 5.4.3 of the Complaint.

DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES - 11

00859942.1

Lincoln denies all remaining allegations contained in paragraph 5.4 of the Complaint and the sub-paragraphs thereunder.

5.5    Lincoln denies the allegations contained in paragraph 5.5 of the Complaint.

5.6    Lincoln denies the allegations contained in paragraph 5.6 of the Complaint.

5.7    Lincoln denies the allegations contained in paragraph 5.7 of the Complaint.

5.8    Lincoln denies the allegations contained in paragraph 5.8 of the Complaint.

5.9    Lincoln denies the allegations contained in paragraph 5.9 of the Complaint.

5.10    Lincoln denies the allegations contained in paragraph 5.10 of the Complaint.

## **PRAYER**

Lincoln denies that Plaintiffs are entitled to the relief requested in Prayer of the Complaint, including 6.1 through 6.6.

Lincoln denies all allegations contained in the Complaint that are not specifically admitted herein.

DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES - 12

**BARRAN LIEBMAN** LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

00859942.1

## **AFFIRMATIVE DEFENSES**

1.    The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2.    Plaintiffs' claim for prejudgment interest under state law is preempted by ERISA.

3.    Plaintiffs' claims are barred in whole or in part by waiver, estoppel, or laches.

4.    The standard of review by the District Court in this case should be whether the decision on Kelly Moat's claim for LTD benefits was arbitrary and capricious because the relevant Policy and plan documents contain sufficient discretionary language.

5.    Plaintiffs' recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the Policy, which require offset and/or repayment of any award of other income or benefits Plaintiff receives or is eligible to receive, including any disability benefits Plaintiff or Plaintiff's dependents receive or are eligible to receive from the Social Security Administration and any disability benefits Plaintiff receives from any commercial disability policy or workers' compensation policy or plan.

DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES - 13

00859942.1

6.      Lincoln expressly reserves the right to amend this Answer to assert such additional affirmative defenses as may appear appropriate on initial Rule 26 disclosures or following discovery in this matter.

7.      Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

8.      The Plaintiffs' claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

9.      Plaintiff Karolyn K. Moat has failed to state a claim upon which relief may be granted in that she is not a proper plaintiff under the ERISA claims pled in the Complaint and is not a participant in the Plans.

## **PRAYER FOR RELIEF**

WHEREFORE, having fully answered Plaintiffs' Complaint, and having pleaded its affirmative defenses, Lincoln prays for the following relief:

1.      That Plaintiffs take nothing by this Complaint;

2.      That the Complaint be dismissed in its entirety with prejudice;

3.      That Plaintiffs are denied each and every demand and prayer for relief contained in the Complaint;

DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES - 14

**BARRAN LIEBMAN** LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

00859942.1

4.      That Lincoln be awarded its attorneys' fees, costs of suits and expenses incurred herein; and

5.      For such other and further relief as the Court deems just and equitable.

DATED this 6th day of January 2020.

BARRAN LIEBMAN LLP


By s/ *Andrew M. Schpak*
    Andrew M. Schpak, WSBA #39901
    aschpak@barran.com

LAW OFFICES OF IWANA RADEMAEKERS, P.C.


By s/ *Iwana Rademaekers*
    Iwana Rademaekers, Texas Bar No. 16452560
    Motion *Pro Hac Vice* pending
    Law Offices of Iwana Rademaekers, P.C.
    14785 Preston Road, Suite 550
    Dallas, Texas 75254
    Main: (214) 579-9319
    Fax:  (469) 444-6456

    Attorneys for Defendant

DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES - 15

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

00859942.1

**CERTIFICATE OF SERVICE**

I hereby certify that on January 6, 2020, I served the foregoing DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES on the following party:

J. Scott Miller
Law Offices of J. Scott Miller, P.S.
115 N. Washington Street, Suite 201
Spokane, WA 99201

by the following indicated method(s) set forth below:

☑      **Electronic filing using the court's ECF System**

☐      **Facsimile**

☐      **First-class mail, postage prepaid**

☐      **Hand-delivery**

☐      **Electronic Mail**

s/ *Andrew M. Schpak*
Andrew M. Schpak

CERTIFICATE OF SERVICE - 1

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

00859942.1