Honorable Thomas O. Rice

**Iwana Rademaekers, Texas Bar No. 16452560**
(Admitted Pro Hac Vice)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main:  (214) 579-9319
Fax:  (469) 444-6456
Email:  iwana@rademaekerslaw.com

**Andrew Schpak, WSBA#39901**
BARRAN LIEBMAN LLP
601 SW 2nd Avenue, Suite 2300
Portland, Oregon 97204
PH:  (503) 228-0500
FX:  (503) 274-1212
Email:  ASchpak@barran.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| KELLY A. MOAT and KAROLYN K. MOAT, husband and wife<br><br>Plaintiffs,<br><br>vs.<br><br>LINCOLN LIFE ASSURANCE COMPANY OF BOSTON, (formerly Liberty Life Assurance Company of Boston), a wholly owned subsidiary of LIBERTY INSURANCE GROUP, and/or LINCOLN NATIONAL GROUP,<br><br>Defendant. | Case No. 2:19cv00385-TOR<br><br>**JOINT RULE 26(f) REPORT OF PARTIES' PLANNING MEETING** |

Plaintiffs, Kelly A. Moat and Karolyn K. Moat, and Defendant Lincoln Life Assurance Company of Boston (formerly Liberty Life Assurance Company of Boston) hereby respectfully submit the following Joint Status Report pursuant to Rule 26(f).

JOINT RULE 26(f) REPORT OF
PARTIES' PLANNING MEETING – 1
(Cause No. 2:19cv00385-TOR)

1. <u>Results of the FRCP 26(f) conference.</u>

The parties held the FRCP 26(f) conference during the week of February 3, 2020, and discussed the nature of their claims and defenses and the possibility of settlement in this case.

2. The parties have conferred with respect to the following subjects:

a. <u>Jurisdiction and Venue.</u>

There are no issues of jurisdiction or venue presented in case.

b. <u>Service of Process.</u>

There are no issues of service presented in case.

c. <u>A brief description of the claims and defenses.</u>

This is a non-complex case wherein Plaintiff is seeking recovery of long term disability benefits from the Crawford and Company Long Term Disability Plan. Defendant denies Plaintiff is entitled to any such relief or recovery.  The Parties agree that Plaintiff's claims are governed by the Employee Retirement Income Security Act of 1974 as amended ("ERISA"), 29 U.S.C. § 1132(a)(1)(B).

Plaintiff reserves the right to revise and amend the Complaint to include allegations that the Defendant had a conflict of interest in the manner, method, and means of evaluating Plaintiff's medical conditions and his inability to perform the duties of his occupation, and the duties of any occupation.

d. <u>Constitutionality.</u>

The constitutionality of this case is not being challenged.

e. <u>Issues to be certified to a state supreme court.</u>

None.

f. <u>Suggested deadline for adding additional parties, amending the pleadings, and seeking class certification.</u>

JOINT RULE 26(f) REPORT OF
PARTIES' PLANNING MEETING – 2
(Cause No. 2:19cv00385-TOR)

**LAW OFFICES OF IWANA
RADEMAEKERS, P.C.**
14785 Preston Road, Suite 550
Dallas, Texas 75254
Phone (214) 579-9319  Fax (469) 444-6456

The Parties do not anticipate adding parties and the Parties do not seek class certification.  Plaintiff requests that the deadline for amending pleadings be set for 30 days after the Discovery Cutoff.

g.    Rule 7.1 Disclosure.

All non-government corporate parties have filed the necessary ownership statement pursuant to Fed. R. Civ. P. 7.1.

h.    Guardian ad litem appointment.

This case does not involve a minor or incompetent party and the appointment of a guardian ad litem is not necessary.

i.    Proposed Discovery Plan.

1)    Defendant produced a bates-labeled copy of the relevant Policy and Administrative Record to Plaintiff with its initial disclosures.  Defendant has agreed to waive the initial disclosure requirement for Plaintiff, as this case is exempt from the initial disclosure requirements under Fed. R. Civ. P. 26(a)(1) pursuant to Local Rule 26(c)(2) and Fed. R. Civ. P. 26(a)(1)(B)(i) because it is "an action for review on an administrative record."

2)    Subjects on which discovery may be needed.

By Plaintiff:

It is Plaintiff's position that Defendant breached its fiduciary duty by failing to provide Long Term Disability benefits as required by the language of the applicable policy which extends those benefits for 24-months while Mr. Moat is disabled from performing the duties of his "own occupation" that he was performing at the time he was disabled, and an additional period of time when he is disabled from performing the duties of "any occupation".

Plaintiff anticipates conducting discovery regarding the use of in-house employees and other medical personnel regularly retained for the purpose of disregarding the records and treatment by Mr. Moat's own health care providers,

JOINT RULE 26(f) REPORT OF
PARTIES' PLANNING MEETING – 3
(Cause No. 2:19cv00385-TOR)

**LAW OFFICES OF IWANA
RADEMAEKERS, P.C.**
14785 Preston Road, Suite 550
Dallas, Texas 75254
Phone (214) 579-9319  Fax (469) 444-6456

indicating a conflict of interest. Based on the results of the discovery Plaintiff reserves the right to amend his Complaint.

By Defendant:

It is Defendant's position that because Plaintiff's claim is for ERISA plan benefits, where the claims administrator has discretionary authority to interpret and apply the terms of the Plan and make benefits determinations, the only evidence to be properly considered by the Court on Plaintiff's claim is (1) the administrative record before the claims administrator at the time its final determination was made and (2) the pertinent plan documents.  As such, discovery on Plaintiff's claim beyond these categories of evidence should only permitted upon a showing of good cause, and then should be narrowly tailored to the issues for which good cause is shown.

3)    There are no unresolved issues at this time pertaining to the preservation of discoverable information, including electronically store information.

4)    There are no unresolved issues at this time pertaining to claims of privilege, protection of confidentiality, and proposed confidentiality agreements.

5)    The parties don't believe anticipate any issues regarding attorney-client privilege or work product protections under Federal Rule of Evidence 502.

6)    The Parties do not propose any modifications to the standard discovery procedures, including bifurcation and/or consolidation of discovery, or an increase in the allowed number of depositions (10), interrogatories (25), requests for production (30), or requests for admission (15).

7)    Expert Disclosure Deadline:  The Plaintiff requests that this deadline be reserved pending outcome of discovery.

8)    The Parties propose a Discovery Cutoff of **April 9, 2020**.

JOINT RULE 26(f) REPORT OF
PARTIES' PLANNING MEETING – 4
(Cause No. 2:19cv00385-TOR)

**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
14785 Preston Road, Suite 550
Dallas, Texas 75254
Phone (214) 579-9319  Fax (469) 444-6456

j.    Anticipated Motions and Dispositive Motions.

No motions are anticipated at this time other than dispositive motions.  As trials are uncommon in ERISA benefit claims, the Defendant suggests that this case should be decided on the administrative record and cross motions for judgement to be filed by the parties, pursuant to the following proposed deadlines:

**File Administrative Record:**          **June 11, 2020.**

**Cross Motions for Judgment:**          **July 9, 2020 (up to 25 pages)**

**Responses:**          **August 6, 2020 (up to 15 pages)**

**Replies:**          **August 20, 2020 (up to 5 pages)**

Plaintiff suggests that pretrial discovery will show that Defendant has a conflict of interest in the way it conducts review of medical records, and that the Defendant's denial was arbitrary and capricious and without rational basis. Therefore, the briefing schedule should be deferred until discovery is completed.

k.    Trial:

The Parties agree that a jury trial is not permitted in this civil action under ERISA.

By Plaintiff:

Plaintiff asserts that because the Washington Insurance Commissioner has issued a regulation entitled WAC 284-96-012 that forbids disability insurance policies from containing discretionary clauses, the review is de novo. This regulation survives the ERISA preemption clause. (see: Dahmen v. Liberty Mutual Group, 2016 WL 00496711 (E.D. Wash. 2016) adopting the rationale in Landree v. Prudential Ins. Co  of Am., 833 F.Supp.2d 1274 (W.D. Wash. 2011); Gorena v. Aetna Life. Ins. Co., 2018 WL 3008873 (W.D. Wash. 2018).  And, therefore, the Court may allow additional evidence outside the administrative record.

JOINT RULE 26(f) REPORT OF
PARTIES' PLANNING MEETING – 5
(Cause No. 2:19cv00385-TOR)

**LAW OFFICES OF IWANA
RADEMAEKERS, P.C.**
14785 Preston Road, Suite 550
Dallas, Texas 75254
Phone (214) 579-9319  Fax (469) 444-6456

By Defendant:

The governing jurisdiction for the relevant policy is Georgia, and the policy includes sufficient discretionary language to invoke the abuse of discretion standard of review.    The Court should review only the evidence before the claims decisionmaker at the time the final decision to deny benefits was made.    As such, Defendant contends that pretrial statements and orders should be dispensed with and that the more appropriate vehicle for deciding this ERISA benefits case is by a Rule 52 Motion for Judgment on the Administrative Record.    Therefore, the Defendant requests the Court enter an order adopting Defendant's suggested briefing deadlines in item j above.

l.    Settlement and Dispute Resolution.

The parties have not yet begun informal settlement negotiations. Should it be needed, the parties agree to mediate in-person with a mutually agreeable mediator.

m.    Other Matters.

The parties agree that there are no other suggestions to be made at this time.

DATED this 5th day of February 2020.

LAW OFFICES OF J. SCOTT MILLER, P.S.

s/ *J. Scott Miller*
J. Scott Miller, WSBA No. 14620
115 N. Washington
Jockey Club Suite 201
Spokane, WA 99201
Phone (509) 327-5591
jscottmiller@jscottmiller.com

Attorneys for Plaintiff

AND

JOINT RULE 26(f) REPORT OF
PARTIES' PLANNING MEETING – 6
(Cause No. 2:19cv00385-TOR)

**LAW OFFICES OF IWANA**
**RADEMAEKERS, P.C.**
14785 Preston Road, Suite 550
Dallas, Texas 75254
Phone (214) 579-9319  Fax (469) 444-6456

LAW OFFICES OF IWANA RADEMAEKERS, P.C.

By  s/ Iwana Rademaekers
Iwana Rademaekers, Texas Bar #16452560
Admitted *Pro Hac Vice*
iwana@rademaekerslaw.com

BARRAN LIEBMAN LLP

By  s/ Andrew Schpak
Andrew Schpak, WSBA#39901
ASchpak@barran.com
BARRAN LIEBMAN LLP
601 SW 2nd Avenue, Suite 2300
Portland, Oregon 97204
PH:  (503) 228-0500
FX:  (503) 274-1212

Attorneys for Defendant

## DECLARATION OF SERVICE

The undersigned declares under penalty of perjury under the laws of the State of Washington that on this day, I electronically filed a true and accurate copy of the document to which this declaration is affixed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

J. Scott Miller
Law Offices of J. Scott Miller, P.S.
115 N. Washington Street, Suite 201
Spokane, WA 99201
Email:  jscottmiller@jscottmiller.com

Dated this 5th day of February 2020, at Dallas, Texas.

s/ Iwana Rademaekers
Iwana Rademaekers

JOINT RULE 26(f) REPORT OF
PARTIES' PLANNING MEETING – 7
(Cause No. 2:19cv00385-TOR)